UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LISA LOUANN MILLER,<br><br>   Plaintiff,<br><br>   v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. 2:22-cv-00396-EJY<br><br>**ORDER** |

Plaintiff Lisa Louann Miller ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Plaintiff is not disabled under the Social Security Act (the "Act"). ECF No. 24, Administrative Record ("AR") 39. The Commissioner filed a Response (ECF No. 26), and Plaintiff filed a Reply (ECF No. 29). The Court finds as follows.

**I.   BACKGROUND**

This is not the first time the parties have come before the Court. Plaintiff filed a Complaint in federal court on March 7, 2022 seeking judicial review of the Commissioner's decision. ECF No. 5. Months later, the parties stipulated to the Court entering judgment in favor of Plaintiff and remanding the case for further administrative proceedings. ECF No. 13. The Court granted the stipulation (ECF No. 14), and the Appeals Council directed the ALJ to give "further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations." AR 10. The ALJ held two telephonic hearings (June 28, 2024 and November 8, 2023) and ultimately issued an unfavorable determination on March 25, 2024. AR 10, 39. The Appeals Council declined to assume jurisdiction to hear Plaintiff's appeal. AR 1. With the conclusion of post-remand administrative proceedings, the parties jointly stipulated to, and the Court ordered the earlier judgment be vacated and the case reopened for briefing. ECF Nos. 19, 20.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1.  the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
> 2.  the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV. THE SUMMARY OF ALJ'S DECISION

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 2, 2020. AR 13. At step two, the ALJ identified Plaintiff as having a severe impairment of degenerative disc disease of the cervical and lumbar spines. *Id*. The ALJ noted the following nonsevere physical impairments in her analysis: a history of pelvic fracture, hip and knee osteoarthritis, neuropathy, and chronic pain syndrome. AR at 14. The ALJ also considered but found Plaintiff's mental impairments of post-traumatic stress disorder and anxiety disorder to be nonsevere. AR 14. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the severity of the "listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)" or "12.04, 12.06, and 12.15." AR 21.

Thereafter, the ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) with several exceptions. AR 22. Here, the ALJ explained although Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, the [Plaintiff's] statements concerning the intensity, persistence, and limiting effect of these symptoms are not entirely consistent with the medical evidence and other evidence in the record, including the claimant's reporting to providers." AR 33. Based on the above, the ALJ found Plaintiff capable of performing past relevant work as an Accounting Clerk and Cashier II, as the work did not require any activities precluded by Plaintiff's RFC. AR 36-37. Thus, the ALJ concluded Plaintiff was not disabled as defined by the Act from her onset date through the date of his decision. AR 38.

## V. DISCUSSION

a. <u>Issue Before the Court</u>.

Plaintiff raises one issue for the Court's consideration: whether the ALJ provided clear and convincing reasons for discounting Plaintiff's testimony. ECF No. 24 at 5.

b. <u>The Parties' Arguments</u>.

Plaintiff argues the ALJ's reasoning erred in four ways. ECF No. 24 at 5-9. First, the ALJ failed to explain why Plaintiff's daily activities were inconsistent with her reported symptoms. *Id*.

4

at 7. Second, the ALJ relied on Plaintiff's "routine and conservative" medical treatment. *Id*. Third, the ALJ erred when considering Plaintiff's statements about her impairments being stable and improving because the statements were isolated and do not necessarily suggest Plaintiff could function in the workplace. *Id*. at 8. Fourth, the ALJ erred by discounting Plaintiff's complaints based on a lack of objective support in the record. *Id*.

The Commissioner submits substantial evidence supports the ALJ's decision to discount Plaintiff's testimony. ECF No. 26 at 2. The Commissioner cites the inconsistent statements made by Plaintiff noted in the ALJ's decision. *Id*. For example, Plaintiff claimed pain throughout her body that prevented her from standing for more than 15 minutes, sitting for more than an hour, or concentrating for any amount of time. ECF No. 26 at 2 (citing AR 652). At the same time, Plaintiff reported no problems with maintaining her personal care, performing housework, running errands, watching television, reading, and attending church. *Id*. at 2-3 (citing AR 653-56). The ALJ also noted evidence in the record showing Plaintiff's conditions improved with conservative treatment. *Id*. at 2 (citing AR 25-29). While Plaintiff repeatedly told treatment providers that medications were helpful, Plaintiff testified that her medications were ineffective. *Id*. at 3 (noting portions of the record). Finally, the Commissioner notes the ALJ's decision highlighted record evidence in which Plaintiff's statements to her doctors did not align with her drug screening results. *Id*.

In Reply, Plaintiff maintains the ALJ did not explain how Plaintiff's activities contradicted her testimony or could be transferable to the work setting. ECF No. 29 at 3. Despite the record showing Plaintiff reported improvements to her providers, she argues improvement does not equate to an ability to return to full time work. *Id*. at 4. And to the extent Plaintiff could return to work, the ALJ was required to parse her RFC with respect to the different time periods. *Id*. In response to the Commissioner's argument about inconsistent statements about substance use, Plaintiff argues the ALJ was required to further develop the record. *Id*. at 4-5.

c.  <u>Analysis</u>.

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010)

(quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ "must provide specific, cogent reasons for the disbelief." *Id*. (internal citations and quotations omitted). Specifically, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal citations and quotations omitted). If the ALJ's credibility determination "is supported by substantial evidence in the record, the Court may not engage in second-guessing." *Tony G. v. Kijakazi*, Case No. 2:22-cv-00312-BNW, 2023 WL 4542132, at *3 (D. Nev. July 14, 2023) (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

The ALJ found although Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms … [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record, including the claimant's reporting to providers." AR 33. The Court finds the ALJ provided clear and convincing reasons supported by substantial evidence to discount Plaintiff's testimony.

### 1.  *Contradictions*

"Contradiction with the medical record is a sufficient basis for rejecting the [Plaintiff's] subjective symptom testimony." *Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 50 F.3d 1428, 1434 (9th Cir. 1995). Moreover, "an ALJ may reject a claimant's symptom allegations by referencing 'contradictions in the claimant's own testimony about his activities of daily living.'" *Stephen M. v. Saul*, Case No. 6:19-CV-01776-IM, 2021 WL 9748520, at *6 (D. Or. Mar. 1, 2021) (quoting *Batson*, 359 F.3d at 1196). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (citing *Turner v. Comm'r of Sec. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010)).

Here, the ALJ found the daily activities Plaintiff described to her doctors were inconsistent with her allegations of "quite disabling, debilitating symptoms and limitations." AR 23. The ALJ explained:

> Regarding her functional limitations, the claimant alleged that her impairments have negatively affected her sleep and her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, and concentrate. Despite these allegations, the claimant also stated that she had no problems tending to her personal care and grooming needs, cooking, doing household chores, including cleaning and laundry, driving, going out alone, shopping in stores, managing her money … reading, and watching television, spending time with others and going to church.

AR 22-23. Additionally, Plaintiff:

> reported to Dr. Mayers that she loves to read, she enjoys TV, music, movies on TV, playing cards, and walking…She was currently in college studying for her bachelor's in administration and that she works in banking.

AR 34. At one point, the ALJ noted Plaintiff's reported activities and her ability to do "fairly well in school" suggest Plaintiff has no sitting limitation. *Id*.

The ALJ also noted contradictions in Plaintiff's travel. *Id*. Plaintiff testified she only traveled out of state once to help care for her granddaughter after her son-in-law was paralyzed in an accident. AR 23. However, the medical records reflect numerous entries in which Plaintiff told her providers she was traveling to care for her granddaughter. AR 23, 30-32, 34. In sum, the ALJ found "[n]one of the above" activities were "consistent with debilitating pain" to show disability. AR 34. The Court finds this to be a fair reading of the record.

To the extent Plaintiff argues the ALJ should have further explained why Plaintiff's symptom testimony conflicted with her daily reported activities, the Court finds no error. Plaintiff cites *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014), to say an ALJ must provide a logical bridge explaining how noted daily activities are inconsistent with reported symptoms. ECF No. 24 at 7. However, *Garrison* teaches that while "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain," daily activities may have bearing on credibility if the level of activity is inconsistent with the claimant's claimed limitations. 759 F.3d at 1016, *see also James v. Berryhill*, Case No. 2:18-cv-00885-BNW, 2019 WL 5576935, at *8 (D. Nev. Oct. 29, 2019) ("Plaintiff does not cite any authority, however, for the proposition that an ALJ must inquire into inconsistencies between a claimant's symptom claims and her daily activities at the hearing and/or that a failure to do so is error). Because the ALJ found contradiction between Plaintiff's claimed symptoms and the record, the ALJ properly discounted Plaintiff's subjective testimony.

7

## 2. Stable and Conservative Treatment

In addition to the above, the ALJ relied on evidence showing Plaintiff's pain had improved or was otherwise controlled. The Ninth Circuit has indicated "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson*, 60 F.3d at 1434). While "it is not enough for the ALJ to show that the pain was responsive to treatment," the Court finds the ALJ showed "the pain was 'controlled,' *i.e.*, no longer debilitating." *Lopez v. Colvin*, 194 F.Supp.3d 903, 911 (D. Ariz. 2016) (internal citations omitted). The ALJ noted that from Plaintiff's onset date of disability onward, treatment notes reflected her degenerative disc disease of the cervical and lumbar spines "remained relatively stable with conservative treatment." AR 25. Specifically, Plaintiff's prescriptions were consistently refilled without change and during doctors' visits Plaintiff reported the medications produced no side effects, her pain was controlled, and the medications improved her quality of life. AR 25-30. Taken together, the ALJ found Plaintiff's treatment reports showed her medication had been "relatively effective in controlling and/or alleviating [Plaintiff's] symptoms and has improved her functioning as she has been able to travel back and forth to take care of her son-in-law and her grandchildren." AR 31. Further, the record reflected that as of mid-2023, Plaintiff no longer took prescribed pain management pills and did not report any disabling pain. AR 33. Because of the protracted period in which Plaintiff was prescribed the same level of pain medication, the ALJ provided a clear and convincing reason to discount Plaintiff's symptom testimony supported by substantial evidence in the record.

The Court finds no basis for Plaintiff's argument suggesting the ALJ rejected her symptom testimony based on a lack of objective support. ALJs cannot exclusively rely on a lack of corroborating medical evidence to discredit subjective symptom testimony, *see Berry*, 622 F.3d at 1234, but there may be one factor in "determining the severity of the claimant's pain." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Plaintiff does not cite any specific testimony rejected

based solely on a lack of evidence.[1]  As discussed above, the ALJ provided reasons other than a lack of objective medical evidence to discount Plaintiff's symptom testimony.

The Court need not decide the partes' arguments regarding Plaintiff's statements to providers about drug use and drug screening results.  "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (internal citations omitted).  Despite noting instances where Plaintiff's drug screens were inconsistent with her prescriptions,[2] the ALJ does not base her decision on these grounds.  Instead, the ALJ's finding are based on Plaintiff's pain being controlled and other noted contradictions in the record.  AR 33-34.

## VI.  ORDER

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is to enter judgment in favor of the Commissioner of Social Security and close this case.

Dated this 19th day of December, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[1]  At one point, the ALJ found there was no objective or subjective evidence in the record to support Plaintiff's testimony indicating she was "immune" to medication.  AR 33.  The lack of any corroborating support was one factor the ALJ may consider.  However, the ALJ discussed in the following paragraphs Plaintiff told medical personnel the medications improved her function and quality of life, and in turn, she received consistent refills with no changes in dosage.  AR 33.

[2]  Drug screenings showed positive results for unprescribed Amphetamines and once Methamphetamine, as well as negative results for Plaintiff's prescribed opiates during the relevant period.  AR 26-27, 32.

9